McLAIN v. N. O. PUBLIC SERVICE INC.

(March 10, 1930. Opinion and Decree.)

Jos. F. Deynoodt and Solomon S. Goldman, of New Orleans, attorneys for plaintiff, appellant.

Ivy G. Kittredge, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J. Plaintiff brings this suit under the Workmen's Compensation Law (Act No. 20 of 1914, as amended), claiming to have received in the course of his employment an injury to his eyes as a consequence of being exposed to the intense glare of an electric welding machine, as a result of which, it is alleged, a cataract developed in his left eye, destroying his sight and impairing the vision in his right eye. The trial judge, in dismissing plaintiff's suit, gave the following reasons:

"Two questions are involved: First, did the plaintiff receive a flash in his eyes from the electric welding machine as he and his witnesses say, and if so was the cataract which subsequently developed in one of his eyes caused by this flash?

"On the first question the plaintiff testifies that on the night of the accident he had instructed the men in charge of the electric welder not to begin work on a cross-over until after he, the plaintiff, and the workmen of his gang had finished putting a cross-over in position, and that while he was stooping over the rail instructing the workmen how to attach a fish-plate, the electric current was turned on and the electrode of the welder brought in contact with the rail causing an arc or flash, as he was at a distance variously stated from four to six feet away. He says he received the full force of the flash in one of his eyes, following which in the course of several weeks the cataract developed. He is corroborated in this statement by his workmen.

"On the other hand, the defendant's witnesses testify that it would be impracticable, if not impossible, to do the work which

the welder was required to do on the cross-over after it was put in position in the tracks, and, as a matter of fact, it is testified by the defendant's supervisor, the welder and the welder's helper, that the work which was done on the cross-over was done while it was lying in between the tracks on the neutral ground in Canal Street before it was put in place and before plaintiff arrived on the scene.

"I am bound to say that these witnesses impressed me as being truthful, and certainly there was nothing in their behavior on the stand which would lead me to believe that a conspiracy of perjury existed among them. It is impossible to say, therefore, that the plaintiff by a preponderance of evidence has made out his case on this point. It is unnecessary, therefore, to consider the second point.

"Judgment for defendant."

In criticizing the opinion of the trial judge, able counsel point to the fact that three months elapsed between the taking of the testimony and the decision of the case, as having affected the court's recollection of the testimony. Whether this be true, we cannot say, but, after reviewing the record of nearly five hundred pages, we are of opinion that his finding of fact, upon which his judgment is predicated, is correct.

We might add that, if we and our brother below are in error as to the first point, plaintiff could fare no better on the second phase of the case, for the record has convinced us that exposure to the glare of the welding machine at the distance which plaintiff claims he was from the machine, and under the circumstances obtaining, could not have produced the cataract in his eyes.

For the reasons assigned, the judgment appealed from is affirmed.